```
                                                            ┌─────────────────────────────┐
                                                            │ USDC SDNY                   │
                                                            │ DOCUMENT                    │
UNITED STATES DISTRICT COURT                                │ ELECTRONICALLY FILED        │
SOUTHERN DISTRICT OF NEW YORK                               │ DOC #: _____        │
-------------------------------------------------------X    │ DATE FILED:  9/8/2020       │
                                                       :    └─────────────────────────────┘
JESSICA SANCHEZ-TORRES,                                :
                                                       :
                                     Plaintiff,        :
                                                       :         19-CV-4222 (VSB)
                  -against-                            :
                                                       :             ORDER
FILADELFO SANCHEZ, et al.,                             :
                                                       :
                                     Defendants.       :
                                                       :
-------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

The Court has been advised that the parties have reached a settlement in this Fair Labor Standards Act ("FLSA") case. (Doc. 20.) The parties submitted a settlement agreement for my approval on November 7, 2019. (Doc. 23.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. See *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, No. 15-CV-3068, 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). For the reasons stated herein, I find that the parties' settlement contains an overbroad release which renders the agreement not fair and reasonable, and therefore deny without prejudice the motion to approve the settlement.

**I.**     **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  "In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020).  In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.*  The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (citation omitted).  A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 2020 WL 550470, at *6 (citing *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).  "When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597. !

**II.     Discussion**

The parties have submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorneys' fees, are fair and reasonable.  (Doc. 23.)  I have independently reviewed the settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate.  I believe that they are not and therefore do not approve the parties' settlement agreement.

**A.     *Settlement Amount***

2

I first consider the settlement amount.  The agreement provides for a settlement amount of $30,000, with $10,000 to be distributed in attorneys' fees and costs, for a total distribution to Plaintiff of $20,000.  (Doc. 23.)  Counsel represents that the maximum recovery for the Plaintiff in the case would be $67,032.00, representing $28,516.00 in backpay plus 100% liquidated damages and wage notice penalties.  (*Id.*)  Although the settlement amount is only a fraction of the total amount Plaintiff claims could be recovered, the parties argue that the settlement is fair in light of the litigation risks particular to this case.  For instance, Defendants maintain that based on their financial situation they would be unable to pay a higher judgment, creating a recovery risk for Plaintiff if Plaintiff chose to pursue a judgment in this case.  In addition, the potential costs of continued litigation militate in favor of settlement of this case.  The parties reached a settlement before engaging in discovery, and would face costly additional proceedings, motion practice, or an eventual trial should I reject the settlement.  Finally, there is no basis for me to believe that there was any fraud or collusion involved in the settlement.  Therefore, based on the representations of the parties and my own analysis of the totality of the circumstances present here, I find that the settlement amount appears to be a fair and reasonable resolution of this dispute.

        **B.**    *Release Provision*

I turn next to the various other provisions that warrant additional consideration.  The settlement agreement contains an overbroad "Release."  (See Doc. 23-1, § 3.)  "In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'"  *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181

(S.D.N.Y. 2015)).  Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).  For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123 (BCM), 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

Pursuant to the release provision, Plaintiff releases Defendants from "all possible complaints, causes of action, liabilities, obligations, demands, contract rights, and claims . . . that may have arisen from the beginning of time to the date of Plaintiff's signature on this Agreement."  (Doc. 23-1, § 3.)  The provision includes examples such as "any claims of alleged employment discrimination, harassment or retaliation on any basis, including age gender, sexual orientation, disability (or perceived disability), race, color, ethnicity, national origin, religion . . . [etc.]"; "any claims under the Employee Retirement Income Security Act; Fair Labor Standards Act; National Labor Relations Act . . . or any other federal, state, or local laws or regulations . . . "; and "any claims of wrongful discharge, breach of contract (express, implied or otherwise), personal injury, negligence, defamation, slander, libel, intentional . . . [etc.]" (*Id.*)  This provision is plainly overbroad as it requires Plaintiff to waive virtually any claim, of any type, arising from her relationship with the Franchisor Defendants as long as it had accrued as of the date Plaintiff executed the agreement.  Although some courts in this district have approved

4

release provisions on the basis of their mutuality, see, e.g., *Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13-cv-5008 (RJS), 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016), there is no mutuality to the release, which protects only the Defendants.  See *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) ("Judicial distaste for overbroad releases has been especially pronounced where the releases were not mutual and protected only defendants" (internal quotation marks omitted).)  Accordingly, this provision does not meet the standards for approval established by courts in this district, and therefore cannot be permitted to stand.

### III. Conclusion

For the reasons stated above, I find that the overbroad release in the proposed settlement agreement renders the agreement not fair and reasonable.  Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated: September 8, 2020
      New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge