```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
JESSICA SANCHEZ-TORRES,                                     :
                                                            :
                          Plaintiff,                        :
                                                            :         19-CV-4222 (VSB)
                -v-                                         :
                                                            :              ORDER
                                                            :
FILADELFO SANCHEZ, et al.,                                  :
                                                            :
                          Defendants.                       :
                                                            :
------------------------------------------------------------X
```

<u>VERNON S. BRODERICK</u>, United States District Judge:

The parties have advised me that they have reached an amended settlement agreement in this Fair Labor Standards Act ("FLSA") case. (Doc. 25.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because at least one term of the agreement is still inappropriate as part of a settlement under the FLSA, I find that the settlement of the parties is once again not fair and reasonable, and it is therefore DENIED.

   **I.     <u>Legal Standard</u>**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the [plaintiff's] range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid

anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* The Second Circuit has described a presumptively reasonable fee as one "that is sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017) (internal quotation marks omitted). A fee may not be reduced "merely because the fee would be disproportionate to the financial interest at stake in the litigation." *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)). An award of costs "normally include[s] those reasonable out-of-pocket expenses incurred by the attorney and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati & Mazzotta P.C.*, 818 F.2d 278, 283 (2d Cir. 1987) (internal quotation marks omitted).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Fisher*, 948 F.3d at 597.

**II.    Discussion**

On November 7, 2019, the parties submitted their proposed settlement agreement, along with a letter detailing why they believe the agreement reached in this action, and the

2

contemplated attorney's fees, are fair and reasonable. (Doc. 23.) On September 8, 2020, I denied the parties' settlement agreement, on grounds that the agreement had an overbroad release. (Doc. 24.) I directed the parties to file a revised settlement agreement within 21 days of my order, if they still intended to settle. (*Id.*) On September 29, 2020, the parties submitted a revised settlement agreement. (Doc. 25.)

### A.   *Attorney's Fees*

I first consider the attorney's fees contemplated in the settlement agreement. The attorney's fees sought are $10,000. (Doc. 23, at 3.) The attorney's fees represent exactly one-third of the total $30,000 settlement amount. As an initial matter, courts in this district regularly approve attorney's fees of one-third of the settlement amount in FLSA cases. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105 (RA), 2018 WL 2371737, at *3 (S.D.N.Y. May 24, 2018) ("When using a 'percentage of the fund' approach, 'courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.'" (quoting *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)).

Plaintiff's counsel claims to have billed $4,515.75 for roughly 12 hours of work, namely drafting a demand letter and complaint; preparing for and attending mediation; and reviewing the settlement. (Doc. 23-1, at 15.)[1] Therefore, the requested $10,000 award is a 2.2 multiplier of the lodestar. While "[t]here is little consensus in this district on the appropriate range for lodestar multipliers . . . [a] multiplier near 2 compensates [plaintiffs' attorneys] appropriately." *Sakiko Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 438–39 (S.D.N.Y. 2014) (collecting cases). After all, "[f]ee awards in wage and hour cases should encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of

---

[1] Since the parties did not file each exhibit separately at docket entry 23, "Doc. 23-1, at 15" refers to ECF page 15, which is the first and only page in Exhibit B.

able, legal counsel." *Fisher*, 948 F.3d at 603 (internal quotation marks omitted). Based on this analysis, I find the attorney's fees contemplated in the settlement agreement to be fair and reasonable.

### B. *Remaining Provisions*

I turn next to the various other provisions that warrant additional consideration. The first version of the parties' proposed settlement agreement contained an overbroad "Release." (Doc. 24, at 3–4 (citing Doc. 23-1).) The provision required Plaintiff to release Defendants from "all possible complaints, causes of action, liabilities, obligations, demands, contract rights, and claims," including employment discrimination claims, National Labor Relations Act claims, contract and tort claims, among others. (*Id.*) Because the FLSA does not allow settling parties to adopt "release provisions that waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (internal quotation marks omitted), I ordered the parties to revise the proposed agreement or abandon settlement. (Doc. 24, at 3–5.) The parties opted to revise the Release to require Plaintiff to release Defendants from all possible claims,

> but only insofar as they relate to any Wage and Hour Claims, any claims regarding the amount of their pay or the manner in which they were paid, or for attorney's fees, liquidated damages, interest, penalties, or any other type of liability or potential liability related to their pay or the manner in which they were compensated during the period alleged in the Action, or during any other time period prior to the execution of this Agreement.

(Doc. 25-1, at ¶ 3.) This revised Release passes muster under the FLSA.

However, the revised agreement still contains an impermissible reemployment ban. (Doc. 25-1, at ¶ 10.) "Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as

contrary to the underlying aims of the FLSA." *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *5 (S.D.N.Y. Oct. 5, 2020) (internal quotation marks omitted). "Such bars on reemployment conflict with the FLSA's primary remedial purpose." *Bonaventura v. Gear Fitness One NY Plaza LLC*, No. 17 Civ. 2168 (ER), 2021 WL 1907368, at *1 (S.D.N.Y. Apr. 12, 2021) (internal quotation marks omitted).

Here, the revised settlement agreement includes a provision stating that "Plaintiff agrees that she will not at any time in the future seek employment with the Company or Releasees." (Doc. 25-1, at ¶ 10.) Such a reemployment ban is particularly inappropriate here, where "Plaintiff has provided not a shred of explanation—and no cases—to justify inclusion of such a provision." *Zekanovic*, 2020 WL 5894603, at *5 (internal quotation marks omitted). Accordingly, I will not approve the proposed settlement agreement in its current form.

### III. **Conclusion**

For the reasons stated above, I find that the reemployment ban in the proposed settlement agreement renders the agreement not fair and reasonable. Accordingly, the parties' request that I approve the proposed settlement agreement is DENIED without prejudice. The parties may proceed by either:

1. Filing a revised proposed settlement agreement within twenty-one (21) days of the date of this Order that cures the deficiencies discussed above and any other terms that are not appropriate under the FLSA; or

2. Filing a joint letter within twenty-one (21) days of the date of this Order that indicates the parties' intention to abandon settlement, at which point I will set a date for a status conference.

SO ORDERED.

Dated:     December 29, 2021
              New York, New York

_____
Vernon S. Broderick
United States District Judge