## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and General Release (the "Agreement") is made and entered into by and between Jessica Sanchez-Torres, individually and on behalf of others similarly situated, on behalf of herself, her agents, assigns, attorneys, heirs, successors, executors and administrators (hereinafter "Plaintiff" or "Sanchez-Torres"), on the one hand, and Filadelfo Sanchez a/k/a Jorge Sanchez, Alejo Sanchez and Joanna Sanchez, in their individual capacities, and Taco Mix, LLC, Taco Mix II, LLC Taco Mix III, LLC, Taco Mix of Industry City, LLC, Taco Mix Delaney, LLC, Taco Mix of Queens, LLC d/b/a Taco Mix (the "Company" or "Defendants"), on the other hand, together referred to herein as the "Parties".

**WHEREAS**, Plaintiff provided services for Defendants Taco Mix of Industry City, LLC, Taco Mix Delaney, LLC, Taco Mix of Queens, LLC d/b/a Taco Mix, only, from approximately in or around August 2016 until August 2018;

**WHEREAS**, on or about May 9, 2019, Plaintiff commenced an action against the Defendants in the United States District Court for the Southern District of New York, where it was assigned Civil Action Case Number 19-cv-04222 (VSB), alleging various causes of action including, among other things, failure to pay the minimum wage and unpaid overtime under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), and failure to provide spread of hours pay under the NYLL, failure to provide wage statements and recordkeeping violations under the NYLL (the "Complaint" or the "Action");

**WHEREAS**, Plaintiff commenced the action purportedly on behalf of herself and others similarly situated, however, the Action was not certified as a class action or FLSA collective action;

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff and a Court has not made any findings with respect to the merits of Plaintiff's claims;

**WHEREAS**, Defendants and the Plaintiff (collectively referred to as the "Parties") desire to resolve and settle all matters and potential matters between them in an amicable manner without the expense and aggravation of continued litigation;

**NOW, THEREFORE**, with the intent to be legally bound, and for good and valuable consideration, the sufficiency and receipt of which the Parties acknowledge, the Parties agree as follows:

1.     **Consideration**: As full settlement and final satisfaction of any and all claims that Plaintiff had, has or may have against the Defendants, including but not limited to the claims raised in the Action, and in consideration for the agreements and obligations set forth herein, including but not limited to the general release by Plaintiff set forth in Paragraph 3, the Company shall pay the Plaintiff the total sum OF THIRTY THOUSAND DOLLARS AND NO CENTS ($30,000.00), payable as follows:

        (a)   Within thirty (30) days of judicial dismissal of the Action with prejudice pursuant to Paragraph 6 of this Agreement, the Company will issue a check made payable to "Jessica Sanchez-Torres" in the gross amount of TWO THOUSAND FIVE HUNDRED

DOLLARS AND NO CENTS ($2,500.00), less normal and appropriate withholdings, for which the Company will issue Jessica Sanchez-Torres a form W-2, representing payment for all unpaid overtime and other wages, statutory violations, retaliation, liquidated damages and penalties under the NYLL and FLSA, and all other alleged damages statutory or otherwise in this Action. Such check shall be sent to Plaintiff's counsel, The Klein Law Group, Darren P. B. Rumack, 39 Broadway, Suite 1530, New York, NY 10006;

(b)    Within thirty (30) days of judicial dismissal of the Action with prejudice pursuant to Paragraph 6 of this Agreement, the Company will issue a check to "The Klein Law Group" in the amount of ONE THOUSAND TWO HUNDRED FIFTY DOLLARS AND NO CENTS ($1,250.00), for which the Company will issue an IRS Form 1099-MISC to The Klein Law Group, representing payment for Plaintiff's attorneys' fees, costs and expenses incurred by The Klein Law Group in this matter, whether those fees and costs were incurred by The Klein Law Group, and/or any other law firm or attorney; and

(c)    Defendants shall make periodic payments in an amount not less than the amounts listed in 1(a) and 1(b) above, over a period of eight (8) months starting from the date of the first payment scheduled under sections 1(a) and 1(b) above. For the avoidance of doubt, the Company will pay a total of TWENTY THOUSAND DOLLARS AND NO CENTS ($20,000.00) to "Jessica Sanchez-Torres", less normal and appropriate withholdings, for which Defendants will issue a form W-2, and a total of TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00) to "The Klein Law Group" for which the Company will issue an IRS Form 1099-MISC.

2.    **Full Payment**:  Plaintiff agrees and affirms that the payments described in Paragraph 1 above shall constitute the entire amount of monetary consideration provided to Plaintiff and Plaintiff's legal counsel and include compensation for alleged damages to Plaintiff and for any and all harm which she may have suffered because of any acts or omissions of the Defendants as alleged in the Action or relating in any way to her relationship with Defendants, including any claims for wages or overtime pay under state, federal or common law.  Plaintiff agrees that these payments are inclusive of any claim for attorney's fees, costs, interest and/or other expenses.

3.    **Release:**  In exchange for the Settlement Payments provided for in this Agreement, Plaintiff agrees to dismiss the action, with prejudice, and release, waive, acquit and forever discharge the Defendants, jointly and severally, from any and all charges, complaints, claims, controversies, demands, rights, disputes, and causes of action of any nature whatsoever, known or unknown, asserted or un-asserted, accrued or not accrued, arising before or existing when this Agreement is executed, which the Plaintiff may have or claim to have against the Defendants and the other persons and/or entities released, but only insofar as they relate to any Wage and Hour Claims, any claims regarding the amount of their pay or the manner in which they were paid, or for attorney's fees, liquidated damages, interest, penalties, or any other type of liability or potential liability related to their pay or the manner in which they were compensated during the period alleged in the Action, or during any other time period prior to the execution of this Agreement. For purposes of this agreement, Wage and Hour Claims shall mean: (i) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Defendants under the Fair Labor Standards Act, including but not limited to, all claims under federal law for unpaid minimum or overtime wages, tip credit claims, tip

2

misappropriation claims, and any other related wage and hour claims, interest on such claims, and attorneys' fees, expenses and costs related to such claims, and (ii) all claims for any wage and hour violations that may have occurred arising from or relating to Plaintiff's employment or engagement with Defendants under New York state and/or local law, any and all claims for unpaid wages, tips, gratuities, service charges, administrative or other mandatory charges, liquidated damages, penalties, overtime pay, failure to maintain and furnish employees with proper wage records, claims to recover the tip credit, spread-of-hours claims, meal break claims, meal credit claims, uniform maintenance claims, uniform or tools-of-the-trade reimbursement claims, call-in pay claims, and all other claims that were or could have been asserted in the Action, whether known or unknown, under New York state and/or local wage and hour laws, including but not limited to the New York Labor Law, New York Code of Rules and Regulations, New York Hospitality Industry Wage Order, New York Order for Miscellaneous Industries and Occupations, the New York Restaurant Industry Wage Order, and the New York Wage Theft Prevention Act.

4.    **Covenant Not to Sue**:  Plaintiff agrees not to file a lawsuit or commence any other legal proceeding against the Defendants concerning any matter released in this Agreement.  If Plaintiff breaches the provision of this Paragraph, Defendants will be entitled to seek recovery of their costs, including their reasonable attorney's fees, relating to the Defendants' enforcement of this Agreement and/or defense of such claims.

5.    **Claims Excluded from the Agreement**:    Plaintiff's release of claims set forth in Paragraph 3 of this Agreement shall not prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the United States Equal Employment Opportunity Commission, National Labor Relations Board or any other governmental agency charged with enforcement of any law, provided, however, that Plaintiff further agrees and understands that she has waived any right to recover monetary damages or other relief personal to Plaintiff in any such charge, complaint or lawsuit filed by her or on her behalf in any way relating to any Released Claims.

6.    **Submission to Court for Approval and Dismissal of the Action With Prejudice**:

The parties intend for the Plaintiff to waive any and all claims she may have against the Defendants, including claims under the Fair Labor Standards Act, and therefore desire that this Agreement be approved by the United States District Court in a Joint Motion for Approval of the Settlement Agreement within seven (7) business days after full execution of this Agreement.

Upon execution of this Agreement, the Parties agree to immediately execute the "Stipulation of Discontinuance with Prejudice," in the form annexed hereto as Exhibit A, which will be filed with the Court with the Joint Motion for Approval of the Settlement Agreement.

Court approval and dismissal of this action is a material condition of this Agreement and the Parties' obligations hereunder.  Failure of the Court to approve this Agreement and enter the Parties' Stipulation of Discontinuance with Prejudice renders this Agreement null and void and no payments shall be made pursuant to Paragraph 1 of the Agreement.

7. **No Admission of Liability**: Neither this Agreement nor anything contained herein constitutes or is intended to constitute any finding of fact, admission of liability or assessment of liability by Defendants under any law, ordinance, rule, regulation, policy or order with respect to any claim that Plaintiff has asserted, could have asserted or may assert in connection with Plaintiff's employment. Defendants have consistently denied, and continue to deny, each and every allegation of wrongdoing made by Plaintiff, and has agreed to enter into this Agreement for the sole purpose of avoiding the cost and inconvenience of further litigation.

8. **Changes to the Agreement**: This Agreement may not be changed unless the changes are in writing and signed by all of the Parties or their designees.

9. **No Other Complaints or Charges**: Plaintiff hereby represents that other than the Action, she has no pending actions, administrative charges or complaints, grievances or arbitrations involving Released Claims against any of the Releasees.

10. **Future Employment**. Plaintiff agrees that she will not at any time in the future seek employment with the Company or Releasees. Plaintiff hereby waives any right that may accrue to her from any application for employment that she may make, or any employment that she may receive, notwithstanding this Paragraph. By this Agreement, Plaintiff intends to remove herself from consideration for future employment with the Company or Releasees and agrees that execution of this Agreement shall constitute good and sufficient cause to reject any application Plaintiff may make for employment or to terminate any such employment she may obtain notwithstanding this Paragraph. Plaintiff acknowledges and agrees that she has no right to any reinstatement or re-employment by the Company or Releasees at any time.

11. **Neutral Reference.** In the event that the Company receives a written request for a reference or employment confirmation, Alejo Sanchez, on behalf of the Company, will only provide Plaintiff's title and dates of employment and no other information. For the avoidance of doubt, the Company's sole obligation to Plaintiff under the terms of this Agreement is to provide the information in the preceding sentence and only if the Company receives a written request. Plaintiff and the Company will advise any inquiring employer that any such reference requests be made in writing to Alejo Sanchez.

12. **Taxes and Withholding**: If, for any reason, it is determined by any federal, state or local taxing authority that any portion of the payments set forth in Paragraph 1 should have been subject to further taxation or withholding, Plaintiff agrees that she shall assume all responsibility for the payment of any employee taxes, interest and penalties assessed in connection with the portion paid to her individually or on her behalf, and that she shall protect, indemnify and hold harmless the Company and Releasees from any withholding or tax payment, interest and penalties paid by the Company thereon with respect to the payment of any such taxes.

13. **Non-Disparagement**: Plaintiff agrees that, unless required to do so by legal process she will not make any disparaging statement(s) or representation(s), either directly or indirectly, whether orally or in writing, to any person whatsoever, about the Company, Releasees, including but not limited to their co-workers, attorneys, representatives, affiliates, parent companies, subsidiaries, family members, or any of their directors, officers, employees, attorneys, agents, or representatives.

4

For purposes of this paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character, or product quality of the person or entity to whom the communication relates. However, this paragraph shall not apply to truthful statements made by any of the Parties regarding their experiences in this litigation and/or the underlying facts of any claim or defense. Any statement made pursuant to this paragraph shall be consistent with and not contradictory to paragraph 11 above, or any other section of this Agreement.

14.   **Severability**:   The Parties agree that in the event any provision(s) of this Agreement is judicially declared to be invalid or unenforceable, only such provision or provisions shall be invalid or unenforceable without invalidating or rendering unenforceable the remaining provisions hereof.

15.   **Governing Law and Forum**:   This Agreement, and all of its terms, shall be interpreted, enforced and governed under the laws of the State of New York, without regards to conflict of laws principles. Any dispute, claim or cause of action arising out of, or related to, this Agreement shall be commenced only in a federal or state court in the State of New York, County of New York, and the parties hereby submit to the exclusive jurisdiction of such courts.

16.   **Assignment of Claims**:   Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

17.   **Voluntary Agreement**:   Plaintiff represents and agrees that:

(a)   She is not suffering from any impairment that would render her incapable of reading, considering and understanding the terms of this Agreement, and is fully able to read, consider and understand the terms of this Agreement, all of which have been explained to her;

(b)   She has signed this Agreement freely and voluntarily and without duress;

(c)   No promise or representation of any kind or character, other than those contained in this Agreement, has been made by the Company or any of the Releasees or anyone acting on their behalf to induce Plaintiff to enter into this Agreement;

(d)   She was advised and hereby is advised to consider carefully the terms of this Agreement and consult with legal counsel prior to executing it, and has had a reasonable period of time in which to consider the terms of this Agreement before executing it.

18.   **Full and Complete Agreement**:   This Agreement constitutes the full and complete agreement between the Parties, and fully supersedes any and all prior agreements, commitments or understandings between the parties, pertaining to the subject matter hereof.

19.   **Fair Meaning**:   The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

20. **Counterparts**: This Agreement may be executed in counterparts, each of which shall serve as an original as against any Party who signed it, and all of which taken together shall constitute one and the same document. A copy of a Party's signature on this Agreement shall be acceptable in any action against that Party to enforce this Agreement.

21. **Headings**: The headings in this Agreement are for the convenience of the Parties and are not intended to modify any of the terms of this Agreement.

22. **Facsimile/Email**: A facsimile or e-mail copy of this Agreement will have the same force and effect as the original.

23. **Notices**: All notices or communications under this Agreement shall be delivered by hand, registered mail, certified mail (return receipt requested), or overnight mail to the address of Defendants' Counsel or Plaintiff's Counsel, respectively, as follows:

Defendants' Counsel:

    Paul T. Gentile, Esq.
    Paul T. Gentile, P.C.
    260 Madison Avenue, Floor 15
    New York, NY 10016

Plaintiff's Counsel:

    Darren Rumack, Esq.
    The Klein Law Group, P.C.
    39 Broadway, Suite 1530
    New York, NY 10004

Either Party may give notice of change of address in writing as set forth in this Paragraph. If registered or certified mail is used, actual delivery will be deemed to be the date set forth in the official U.S. Postal Service date stamp on the registered or certified mail receipt.

24. **Security.** Simultaneous with the execution of this Agreement, Alejo Sanchez, on behalf of the Company, shall execute and deliver to Plaintiff or her attorney or legal representative an Affidavit in Support of Confession of Judgment in the amount of $30,000.00 (i.e., the amount of the Settlement as approved by the Court only) and in the form annexed hereto as Exhibit B (the "Confession of Judgment"). Upon collection of full payment in accordance with Paragraph 1 of this Agreement, Plaintiff shall immediately return the original Confession of Judgment to the Company or its attorneys. If Plaintiff fails to timely receive, when due, any of the payments in accordance with Paragraph 1, then the Company shall be in default of the Agreement ("Default") and shall have five (5) business days from the delivery of the notice to cure the Default. Notice shall be delivered by (i) a nationally recognized next day courier service, or (ii) first class registered or certified mail, postage prepaid. The five (5) business days shall start running from the date of delivery of the notice of Default. Notices hereunder shall be delivered to:

    Alejo Sanchez
    234 East 116th Street, Apt. 12
    New York, NY 10029

With a copy to:

> Paul T. Gentile, Esq.
> Paul T. Gentile, P.C.
> 260 Madison Avenue, Floor 15
> New York, NY 10016

Failure by the Company to cure the Default within five (5) business days from delivery of notice of the Default shall result in the immediate right of Plaintiff to file the Confession of Judgment upon an affidavit or affirmation of noncompliance in a court of competent jurisdiction, in the amount of $30,000.00, less any payments made subsequent to the execution of this Agreement and through the date of Default.


**BY SIGNING THIS AGREEMENT, JESSICA SANCHEZ-TORRES ACKNOWLEDGES THAT SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO OF HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS. PLAINTIFF IS ADVISED TO SPEAK WITH AN ATTORNEY BEFORE SIGNING THIS AGREEMENT.**


[SIGNATURES ON THE FOLLOWING PAGE]

**AGREED:**

Jessica Sanchez-Torres

Filadelfo Sanchez a/k/a Jorge Sanchez,
Alejo Sanchez and Joanna Sanchez, in
their individual capacities, and Taco Mix,
LLC, Taco Mix II, LLC Taco Mix III,
LLC, Taco Mix of Industry City, LLC,
Taco Mix Delaney, LLC, Taco Mix of
Queens, LLC d/b/a Taco Mix

By:_____

By:_____
    Alejo Sanchez

Dated:_____

Dated: 11 - 05 - 19

8

**AGREED:**

Jessica Sanchez-Torres

Filadelfo Sanchez a/k/a Jorge Sanchez,
Alejo Sanchez and Joanna Sanchez, in
their individual capacities, and Taco Mix,
LLC, Taco Mix II, LLC Taco Mix III,
LLC, Taco Mix of Industry City, LLC,
Taco Mix Delaney, LLC, Taco Mix of
Queens, LLC d/b/a Taco Mix

By: _____

Dated: _11 / 7 / 19_____

By:_____
     Alejo Sanchez

Dated:_____

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA SANCHEZ-TORRES, *Individually and on behalf of other similarly situated,*<br><br>Plaintiff,<br><br>-against-<br><br>FILADELFO SANCHEZ a/k/a JORGE SANCHEZ, ALEJO SANCHEZ, JOANNA SANCHEZ, Individually, and TACO MIX, LLC, TACO MIX II, LLC, TACO MIX III, LLC, TACO MIX OF INDUSTRY CITY, LLC, TACO MIX DELANEY, LLC, TACO MIX OF QUEENS, LLC d/b/a TACO MIX<br><br>Defendants. | Civil Action No. 19-cv-04222 (VSB)<br><br>**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE** |

Pursuant to Federal Rule of Civil Procedure 4l(a)(1)(A)(ii), the Parties, by and through their undersigned counsel, stipulate to the dismissal of the above-captioned action in its entirety with prejudice.

**PAUL T. GENTILE, P.C.**                                   **THE KLEIN LAW GROUP, P.C.**


_____                           _____

By:  Paul T. Gentile, Esq.                                 By: Darren Rumack, Esq.
    260 Madison Avenue, Floor 15                      39 Broadway, Suite 1530
    New York, NY 10016                               New York, NY 10004

    *Attorneys for Defendants*                         *Attorneys for Plaintiff*


SO ORDERED:


_____

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JESSICA SANCHEZ-TORRES, *Individually and on behalf of other similarly situated*, <br><br> Plaintiff, <br><br> -against- <br><br> FILADELFO SANCHEZ a/k/a JORGE SANCHEZ, ALEJO SANCHEZ, JOANNA SANCHEZ, Individually, and TACO MIX, LLC, TACO MIX II, LLC, TACO MIX III, LLC, TACO MIX OF INDUSTRY CITY, LLC, TACO MIX DELANEY, LLC, TACO MIX OF QUEENS, LLC d/b/a TACO MIX <br><br> Defendants. | Civil Action No. 19-cv-04222 (VSB) <br><br><br><br> **AFFIDAVIT OF ALEJO SANCHEZ** |

ALEJO SANCHEZ, under penalty of perjury, hereby swears that the following information is true and correct to the best of my knowledge and information:

1.      I am a defendant in this action and the owner of defendants Taco Mix of Industry City, LLC, Taco Mic Delaney, LLC, and Taco Mix of Queens, LLC d/b/a Taco Mix.

2.      I make this Affidavit in connection with a certain agreement dated October ___, 2019 (the "Agreement") between Plaintiff Jessica Sanchez-Torres and Defendants Filadelfo Sanchez a/k/a Jorge Sanchez, Alejo Sanchez and Joanna Sanchez, in their individual capacities, and Taco Mix, LLC, Taco Mix II, LLC Taco Mix III, LLC, Taco Mix of Industry City, LLC, Taco Mix Delaney, LLC, Taco Mix of Queens, LLC d/b/a Taco Mix (the "Company" or "Defendants"), to confess judgment on behalf of the Company in this Court in favor of Plaintiff for the sum of thirty thousand dollars and no cents ($30,000.00), less any amounts paid pursuant to the Agreement, and to authorize Plaintiff to enter judgment for that sum against the Company in this Court.

3.      In the event the Company defaults in making any payment set forth in the Agreement on a timely basis, Plaintiff is required to give the Company written notice of such default.

4.      If the Company fails to cure said default within five (5) business days after notice is delivered as required by the Agreement, the Company shall immediately become obligated to Plaintiff for the full thirty thousand dollars and no cents ($30,000.00), less any amounts paid pursuant to the Agreement.

5.      If the Company fails to cure the default within five (5) business days after notice is delivered in accordance with the Agreement, the Company hereby irrevocably confesses judgment

judgment in favor of Plaintiff for the full thirty thousand dollars and no cents ($30,000.00), less any amounts paid pursuant to the Agreement.

       6.     Accordingly, if the Company fails to cure the default within five (5) business days after notice is delivered in accordance with the Agreement, judgment may be entered hereunder against the Company and in favor of Plaintiff in the amount of thirty thousand dollars and no cents ($30,000.00), less any amounts paid pursuant to the Agreement, upon the filing of this Affidavit together with an Affidavit from Plaintiff stating that payment required by the Agreement was not timely made and setting forth the full amount then due, including the basis for calculation.

       7.     I affirm under penalty of perjury that the foregoing is true and correct.

Alejo Sanchez

Sworn to before me this

_____ day of October, 2019

_____
Notary Public