UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                 :
JESSICA SANCHEZ-TORRES,           :
                                                 :
                           Plaintiff,          :
                                                 :                   19-CV-4222 (VSB)
                         -v-                               :
                                                 :                      <u>ORDER</u>
                                                 :
FILADELFO SANCHEZ, et al.,            :
                                                 :
                                  Defendants.    :
                                                 :
----------------------------------------------------------- X

<u>VERNON S. BRODERICK</u>, United States District Judge:

       The parties have advised me that they have reached a settlement agreement in this Fair Labor Standards Act ("FLSA") case. (*See* Docs. 31 & 33.) Parties may not privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must satisfy this Court that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015). Because I find that the terms of the revised proposed settlement agreement are reasonable, the parties' request that I approve their agreement is GRANTED, and the status conference scheduled for February 15, 2022, (Doc. 32), is VACATED as moot.

       Pursuant to my order of October 6, 2019, (Doc. 21), the parties submitted a proposed settlement agreement on November 7, 2019, along with a letter detailing why they believed the agreement reached, and the contemplated attorney's fees, were fair and reasonable, (Doc. 23). On September 8, 2020, I denied the parties' settlement agreement, on the grounds that the agreement had an overbroad release clause. (Doc. 24.) I directed the parties to file a revised settlement agreement within 21 days of my order if they still intended to settle. (*Id.*) On September 29, 2020,

1

the parties submitted a revised settlement agreement, (Doc. 25-1), with a short cover letter explaining that "[b]oth parties have authorized release language and provided authority to use their previously obtained signatures," (Doc. 25). On December 29, 2021, I denied the parties' settlement agreement again, on the grounds that the agreement had an impermissible reemployment ban. (Doc. 26.) I again directed the parties to file a revised settlement agreement. (*Id.*) I incorporate the findings of my previous orders by reference, including my findings that the settlement amount of $30,000 and the attorneys' fees of $10,000 are fair and reasonable. (*See generally* Docs. 24 & 26.)

On February 8, 2022, Plaintiff filed a third proposed settlement agreement. (Doc. 31.) The third proposed settlement agreement is a copy of the second proposed settlement agreement (*see* Doc. 25-1), with the reemployment ban clause at paragraph 10 stricken in ink, and the initials "DR 1/27/22" and "RD 2-7-22" handwritten alongside the stricken paragraph. (Doc. 31, at 4.) Unlike the parties' two previous proposed agreements, the third proposed settlement agreement is not accompanied by a cover letter. (*See generally* Doc. 31.) On February 9, 2022, I issued an order scheduling a status conference for February 15, 2022 and asking the parties to be "prepared to explain the revision and the means by which the parties have authorized the revised agreement, including a clarification about whose initials appear on page 4 of the revised settlement agreement." (Doc. 32.) The same day, the parties filed a letter explaining that "the two initials in question are by Plaintiff and Defense counsel" and that "[b]oth parties authorized their attorneys to remove the paragraph in question as directed by the previous order dated December 29, 2021." (Doc. 33.)

Accordingly, I have independently reviewed the third proposed settlement agreement and the supporting evidence in order to determine whether the terms of the settlement agreement are fair, reasonable, and adequate. I believe that they are, and therefore approve the settlement agreement of the parties.

The second proposed settlement agreement included a provision stating that "Plaintiff agrees

that she will not at any time in the future seek employment with the Company or Releasees." (Doc. 25-1, at ¶ 10.) "Courts in this Circuit have consistently rejected FLSA settlements that seek to prevent plaintiffs from having a future employment relationship with the defendant as contrary to the underlying aims of the FLSA." *Zekanovic v. Augies Prime Cut of Westchester, Inc.*, No. 19-CV-8216 (KMK), 2020 WL 5894603, at *5 (S.D.N.Y. Oct. 5, 2020) (internal quotation marks omitted). "Such bars on reemployment conflict with the FLSA's primary remedial purpose." *Bonaventura v. Gear Fitness One NY Plaza LLC*, No. 17 Civ. 2168 (ER), 2021 WL 1907368, at *1 (S.D.N.Y. Apr. 12, 2021) (internal quotation marks omitted). I told the parties that I could not approve the settlement agreement with the reemployment ban provision, (Doc. 26, at 5), so the parties deleted it.

      The settlement agreement of the parties is hereby APPROVED. The status conference scheduled for February 15, 2022, (Doc. 32), is VACATED as moot. The Clerk of Court is respectfully directed to terminate the case.

SO ORDERED.

Dated:     February 9, 2022
             New York, New York

                                                      Vernon S. Broderick
                                                      United States District Judge